UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GENERAL MARITIME** | * | CIVIL ACTION NO. |
| **TRANSPORTATION SERVICES, INC.** | * | |
| | * | |
| **Versus** | * | SECTION: |
| | * | |
| **M/V BEIJING VENTURE (IMO No.** | * | |
| **9482471) HER FURNITURE, ENGINES,** | * | MAGISTRATE JUDGE: |
| **HULL, TACKLE, APPAREL, EQUIPMENT,** | * | |
| **APPURTENANCES, ETC.,** *in rem* | * | |
| | * | |

## MOTION AND ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN
## (PRIVATE ACTIONS)

PLAINTIFF, General Maritime Transportation Services, Inc., through undersigned counsel, having appeared and made the following recitals:

1. On May 15, 2023, the Complaint herein was filed praying that the vessel M/V BEIJING VENTURE, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief.

2. On May 15, 2023, the Clerk of this Court issued a Warrant of Arrest of Vessel commanding the United States Marshal, for the Eastern District of Louisiana to arrest and take into custody the Defendant vessel and to detain the same in his custody until further Order of the Court.

3. It is contemplated that the United States Marshal will seize the Defendant vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to this vessel.

4. Blue Marine Security, LLC has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as the custodian upon order of this Court, all for a sum,

1

including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $840 per day. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant vessel to the substitute custodian for safekeeping will not be affected until the Court approves such custodianship and all such charges have been paid by the moving party.

5. Blue Marine Security, LLC by declaration appended hereto as Exhibit A and made a part hereof, avers that he has adequate facilities and supervision for proper maintenance and safekeeping of the vessel, her engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents,

6. Accordingly, it is hereby

**ORDERED** that Plaintiff and Blue Marine Security, LLC as substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, etc., and it is further

**ORDERED** that plaintiff and Blue Marine Security, LLC as substitute custodian shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible,

for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody, and it is further

**ORDERED** that the United States Marshal for the Eastern District of Louisiana shall surrender the possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action, and it is further

**ORDERED** that Blue Marine Security, LLC be, and is hereby, appointed the custodian of said vessel to retain the same in his custody for possession and safekeeping for the aforementioned compensation until further Order of the Court, and it is further

**ORDERED** that all United States Marshal's costs be paid prior to release of said vessel, and it is further

**ORDERED** that the substitute custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof, and it is further

**ORDERED** that Plaintiff's attorney will serve the owner of the M/V BEIJING VENTURE with a copy of this Order.

Signed this \_\_\_\_\_day of _____, 2023, at New Orleans, Louisiana.

_____
**UNITED STATES DISTRICT JUDGE**

PRESENTED BY:

*/s/ T. Patrick O'Leary*
T. Patrick O'Leary (LA 30655)
Blake C. Donewar (LA 39159)
**FRILOT L.L.C.**
3700 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3700
Phone: 504.599.8010
Fax: 504.599.8110
poleary@frilot.com
bdonewar@frilot.com
**Counsel for Plaintiff, General Maritime Transportation Services Inc.**